In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00342-CV**
_____

**IN RE COMMITMENT OF LARRY DALE LANZONE**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-12-12933-CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit appellant Larry Dale Lanzone as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found that Lanzone is a sexually violent predator, and the trial court signed a final judgment and an order of civil commitment. In his sole appellate issue,[1] Lanzone challenges the trial court's overruling of his objections to allegedly improper comments made by the State

---

[1]Lanzone originally asserted an issue concerning the trial court's denial of his requested jury questions, but he filed a letter brief in which he stated his desire to abandon that issue.

during closing argument. We affirm the trial court's judgment and order of civil commitment.

In his sole issue, Lanzone argues that the trial court improperly overruled his objection to comments made by counsel for the State during closing argument. Lanzone complains specifically of the following portion of the State's closing argument, and the trial court's ruling thereon:

> Why do so many doctors, forensic experts use those tests, because they have been tested through research and literature to help an expert understand a person's risk. They told us that Mr. Lanzone given his age, given his sexual history, given all the information about his victims and the people . . . he sexually assaulted, he is a risk to commit future acts of sexual violence. But that's not some number, that is a standard that these experts use based on research and literature.
>
> [Defense counsel] asked you to get over it, to get pas[t] the offenses, and I find that quite offensive.
>
> [Defense counsel]: I'm going to object to the criticism, Your Honor.
>
> THE COURT: Overruled.  She has a right to respond to your arguments.

Attorneys have great latitude to indulge in "flights of oratory." *Sw. Greyhound Lines, Inc. v. Dickson*, 236 S.W.2d 115, 119 (Tex. 1951). However, counsel should "confine the argument strictly to the evidence and to the arguments of opposing counsel." Tex. R. Civ. P. 269(e). Attorneys should not engage in

2

personal criticism of each other during jury argument. *Id*. To obtain a reversal based upon improper jury argument, Lanzone must show "(1) an error[,] (2) that was not invited or provoked, (3) that was preserved by the proper trial predicate, such as an objection, a motion to instruct, or a motion for mistrial, and (4) was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the judge." *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex. 1979).

Viewing the complained-of portion of the State's closing argument in context, it is clear that counsel for the State was not criticizing opposing counsel personally, but was instead criticizing counsel's argument that encouraged the jury to look beyond Lanzone's sexually violent offenses because Lanzone has changed. Lanzone has not shown that error occurred. *See id*.; *see also* Tex. R. Civ. P. 269(e). Accordingly, we overrule Lanzone's issue and affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 20, 2013
Opinion Delivered July 11, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.